OPINION
The State of Ohio appeals from the judgment of the Portage County Court of Common Pleas wherein the court imposed community control sanctions upon appellee, Jason A. Smolic.
On October 22, 1999, appellee was indicted by the Portage County Grand Jury on two counts of corrupting another with drugs, in violation of R.C. 2925.02(A)(4), felonies of the second degree. On June 26, 2000, appellee pleaded guilty to one count; the second count was dismissed. The court ordered a pre-sentence investigation report.
A hearing on sentencing commenced on June 26, 2000.[1] The following day, the court ordered appellee be held in the Portage County Jail and interviewed for the Northeast Ohio Community Alternative Program ("NEOCAP"). During a sentencing hearing on August 7, 2000, appellee was sentenced to two years in the intensive supervision program of the adult probation department and required to complete a six month program at NEOCAP. Appellant, pursuant to R.C. 2953.08(B)(1) and (2), assigns the following error for our review:
 "[1.] The trial court erred when it imposed community control sanctions for a second-degree felony drug offense for which there was a presumption in favor of prison."
 Subsequent to the filing of the instant appeal, appellee's community control sanction was revoked and a prison term of three years was imposed, on May 16, 2001.
The State contends that the trial court erred in imposing community control sanctions because it did not make either of the findings enumerated in R.C. 2929.12(D)(1) and (2) and, as a result, the sentence is contrary to law.
When reviewing a trial court's sentencing decision, an appellate court will apply an abuse of discretion standard. State v. Mays (1995),104 Ohio App.3d 241, 249. When imposing sentence for a second degree felony drug offense, "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D). Further, pursuant to R.C. 2929.14(A)(2), a prison term of two, three, four, five, six, seven or eight years may be imposed by the court for a second degree felony.
Despite the presumption for prison, a trial court may impose community control sanctions instead of a prison term if the following findings are made: (1) the community control sanctions would adequately punish the offender and protect the public from future crime, and (2) the community control sanctions would not demean the seriousness of the offense. R.C.2929.13(D). "In employing this test, the trial court must review the factors found in R.C. 2929.12(B) and (C) regarding the seriousness of the offense. State v. Centers (Nov. 17, 2000), Montgomery County App. No. 18225, 2000 Ohio App. LEXIS 5351, unreported at *4. Appellee contends that these requisite findings were not made in the instant case.
Review of the record reveals that, at the August 7, 2000 hearing, the trial court considered appellee's age, willingness to complete the NEOCAP program, and acceptance into the NEOCAP program in making his decision to impose community control, instead of prison. Additionally, the trial court's August 9, 2000 judgment entry contains the following: "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12." Thus, the record sub judice does not contain the statutory findings to overcome the presumption of prison.
We adopt the analysis of the Third District Court of Appeals in Statev. Taylor (June 16, 2000), Marion App. No 9-2000-06, unreported, 2000 Ohio App. LEXIS 2772 at *5, and conclude that "the trial court must state on the record at the sentencing hearing the reasons upon which it bases its findings: "(1) that the public will be adequately protected and the defendant will be adequately punished by serving a term of community control sanctions; (2) that a term of community control sanctions will not demean the seriousness of the offense; and, (3) that the presumption in favor of a prison term should not control based upon the overriding principles of the felony sentencing guidelines. R.C. 2929.19(B)(2)(b)."Id. In the instant case, the court did not expressly find that: the sentence would adequately punish appellee and protect the public pursuant to R.C. 2929.11 and 2929.13; after weighing the factors in R.C. 2929.12, appellee is unlikely to commit future crimes; and, after weighing the factors in 2929.12, appellee's conduct was less serious than conduct normally constituting the offense of corrupting another with drugs. Seeid. at *7-8. We conclude that the June 26, 2000 sentencing hearing, for which this court was not provided a transcript, was terminated to allow appellant to be interviewed by NEOCAP. Hence, we cannot presume the regularity of the proceedings below, as we generally may do in the absence of a transcript, because the court did not actually sentence appellant until the June 26, 2000 hearing, for which this court was provided a transcript. Because the trial court failed to make the findings required by R.C. 2929.13(D), and therefore failed to articulate the reasons supporting such findings, the judgment of the Portage County Court of Common Pleas must be reversed and this case remanded for resentencing consistent with this opinion.
All pending motions are hereby overruled as moot.
JUDGE ROBERT A. NADER, O'NEILL, P.J., GRENDELL, J., concur.
[1] The record contains the transcript of the August 7, 2000 sentencing hearing, but does not contain the transcript from the June 26, 2000 hearing.